**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID GREGORY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: _____** |
| | § | |
| **ROYAL GOURMET HOUSE, INC.,** | § | **JURY DEMANDED** |
| **VIKRAM MEHTA, and** | § | |
| **AARTI MEHTA** | § | |
| | § | |
| **Defendants.** | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

David Gregory ("Plaintiff") files this lawsuit against Royal Gourmet House, Inc., Vikram Mehta, and Aarti Mehta ("Defendants"), and in support thereof, would respectfully show the Court as follows:

### I.
### NATURE OF CLAIMS

1.     This case is, in part, a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("the FLSA") to correct unlawful employment practices, including Defendants' failure to abide by wage and hour laws.  This collective action seeks to recover unpaid regular wages, unpaid overtime wages, and other damages owed by Defendants to its current and former employees.

2.     This case also contains breach of contract and *quantum meruit* claims arising out

- 1 -

of Defendants' failure to pay Plaintiff $1,500.00 that is due and owing as a result of an oral agreement between Plaintiff and Defendants.

## II.
### JURISDICTION AND VENUE

3.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA. In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to his claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston division of the Southern District of Texas.

## III.
### THE PARTIES

5.      Plaintiff resides in Harris County, Texas. In performing his duties for the Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce. Plaintiff regularly worked over forty hours in a workweek. Plaintiff's consent to this action is attached as Exhibit A.

6.      Defendant, Royal Gourmet House, Inc., is a Texas corporation and may be served with process by serving its registered agent, Vikram Mehta, at 10006 Storm Meadow Drive, Houston, Texas 77064.

7.      Defendant, Vikram Mehta, is an individual and was Plaintiff's employer within

the meaning of the FLSA. Vikram Mehta may be served with process at 10006 Storm Meadow Drive, Houston, Texas 77064.

8.      Defendant, Aarti Mehta, is an individual and was Plaintiff's employer within the meaning of the FLSA. Aarti Mehta may be served with process at 10006 Storm Meadow Drive, Houston, Texas 77064.

**IV.**
**FACTS**

9.      Defendants own an operate Royal Gourmet House, Inc. Defendants acted directly or indirectly in the interest of Royal Gourmet House, Inc. in relation to Plaintiff. Plaintiff was employed by Defendants to work in the position of Installer.

10.      Plaintiff and similarly situated employees regularly work in excess of forty hours in a workweek. Defendants, however, do not compensate Plaintiff and similarly situated employees for hours worked in excess of forty hours in a workweek. Plaintiff and similarly situated employees frequently work fifteen-hour days, but Defendants compensate them as though they work only an eight-hour day. In addition, Plaintiff works on weekends servicing the company's vehicles and completing other miscellaneous tasks but is not compensated for this time. Plaintiff averages seventy-five to eighty hours in a workweek.

11.      In or around February 2012, Plaintiff flew to California with Vikram Mehta to pick up trucks for the company. Plaintiff was to drive one of the trucks to Houston, Texas. Plaintiff left on a Friday and did not return to Houston until Monday. In exchange for Plaintiff's services, Defendants agreed to pay Plaintiff $1,500.00. To date, Defendants have not paid Plaintiff the agreed upon $1,500.00 amount. Nor have Defendants otherwise compensated

- 3 -

Plaintiff for this time.

12.     When Plaintiff's and similarly situated employees' total remuneration is divided by the total hours worked, it results in a regular rate of pay that is less than the minimum wage. Further, Plaintiff and similarly situated employees were entitled to overtime pay at one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek.

13.     Defendants violated the FLSA because they did not pay Plaintiff and similarly situated employees the requisite regular and overtime wages.

14.     Defendants have not made a good faith effort to comply with the FLSA. Defendants have knowingly, willfully, and/or with reckless disregard carried out an illegal pattern or practice regarding payment of wages to Plaintiff and similarly situated employees.

## V.
### PLAINTIFF'S INDIVIDUAL ALLEGATIONS

15.     Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

16.     As a nonexempt employee, Plaintiff was legally entitled to be paid at the minimum wage and one and one-half times his regular rate of pay for hours worked in excess of forty hours per each seven-day workweek.

17.     Defendants failed to pay Plaintiff at the minimum wage and failed to pay Plaintiff at one and one-half time his regular rate of pay for hours worked in excess of forty hours per each seven-day workweek. As a result, Plaintiff did not receive wages he was legally entitled to receive.

18.     Defendants' violations of the FLSA were committed knowingly, willfully, and/or

- 4 -

with reckless disregard to Plaintiff's rights.

## VI.
### COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff reasserts and incorporates by reference all of the above-numbered paragraphs.

20.     Upon information and belief, many other workers employed by Defendants (collectively, the "Workers") over the last three years have been victimized by Defendants' violations of the FLSA.

21.      These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  The class is properly identified as follows:

> All persons who, at any time during the three years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendants, who were not paid at the minimum wage and were not paid at a rate of one and one-half times their regular rate for hours worked in excess of forty in a workweek.

## VII.
### CAUSES OF ACTION

**A.     FLSA RIGHT OF ACTION**

22.     Plaintiff reasserts and incorporates by reference all of the above-numbered paragraphs.

23.     Defendants' practices of not paying Plaintiff and similarly-situated employees at the minimum wage and failing to pay at one and one-half times the regular rate of pay for all hours worked in excess of forty hours per each seven-day workweek are direct violations of the FLSA.

24.     Plaintiff and similarly situated employees are entitled to unpaid regular and overtime wages.

25.     Plaintiff and similarly situated employees are entitled to liquidated damages in an amount equal to their unpaid regular and overtime wages as a result of Defendants' failure to comply with the FLSA.

26.     Plaintiff and similarly-situated employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**B.     BREACH OF CONTRACT**

27.     Plaintiff and Defendants entered into a valid and enforceable oral contract that was performable within one year. By this contract, the parties agreed that Plaintiff would fly to California, pick up a company truck, and drive that truck back to Houston, Texas, and that Defendants would pay $1,500.00 to Plaintiff.

28.     Plaintiff fully performed his contractual obligations.

29.     Defendants breached the contract by failing to pay $1,500.00 to Plaintiff.

30.     Defendant's breach caused injury to Plaintiff in that Plaintiff did not receive his expectation interest in the contract.

31.     Because this is a suit for breach of contract, Plaintiff is entitled to recover attorneys' fees under Chapter 38 of the Texas Civil Practices & Remedies Code.

**C.     QUANTUM MERUIT**

32.     In the alternative to breach of contract, Defendants accepted valuable services from Plaintiff without compensating Plaintiff. Plaintiff flew to California, picked up a company truck, and drove that truck back to Houston, Texas.

- 6 -

33.     Plaintiff provided the services for Defendants' benefit.

34.     Defendants knew or should have known that Plaintiff expected compensation when the Defendants accepted the services. Specifically, Defendants agreed to pay $1,500.00 to Plaintiff for the services.

35.     Because Plaintiff expected compensation, Defendants' acceptance of the services without payment resulted in actual damages to Plaintiff in an amount equal to the reasonable value of the services rendered.

36.     Because this is a suit for *quantum meruit*, Plaintiff is entitled to recover attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code.

## VIII.
### JURY DEMAND

37.     Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## IX.
### PRAYER

38.     For the foregoing reasons, Plaintiff respectfully prays that Defendants be cited to appear and answer herein and that Plaintiff obtain a judgment awarding the following relief:

    a.     an order allowing this action to proceed as a collective action under the FLSA and directing notice to the Workers;

    b.     all unpaid regular and overtime wages, all liquidated damages, and attorneys' fees and costs under the FLSA;

    c.     actual damages for breach of contract and *quantum meruit*;

    d.     an award of pre-judgment and post-judgment interest on all amounts

awarded at the highest rate allowable by law; and

      e.    all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.


Respectfully submitted,


  /s/ Alfonso Kennard, Jr.
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No: 713316
KENNARD LAW P.C.
150 West Parker Road, Fourth Floor
Houston, Texas 77076
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**


**OF COUNSEL FOR PLAINTIFF:**

Myron May
Texas Bar No. 24070228
Southern District Bar No. 1075774
KENNARD LAW P.C.
150 West Parker Road, Fourth Floor
Houston, Texas 77076
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
myron.may@kennardlaw.com